PER CURIAM.
The State of Florida appeals from a trial court Order granting Zeuxis Fernandez’ Motion to Suppress evidence obtained through a search and seizure at his place of business. We reverse.
On July 28, 2000, Officer Franklin Roig and Officer Albert Rodriguez were conducting an undercover burglary surveillance in the area of Southwest 75th Avenue and 42nd Street in Miami. This area is a warehouse district in which there had been a number of burglaries. The businesses in that area were closed at the time. While conducting surveillance, the officers observed a vehicle drive up and park in front of a warehouse and turn off its lights. The vehicle remained parked for five to ten minutes before proceeding south on Southwest 75th Avenue with its lights on. The officers observed the vehicle make a left turn into another section of warehouses before parking in the general area of a business known as Eagle Locksmith, a business owned by Fernandez. The officers parked and exited their vehicle and approached the vehicle that they were following. The officers found a female occupant sitting in the passenger seat who informed them that the driver of the vehicle was inside the warehouse. The testimony adduced from the officers at the suppression hearing demonstrates that the officers had differing perspectives of what occurred next.
Roig testified that he looked towards the business and, considering the fact that he observed pry marks on the door, coupled with the foregoing facts, formed a reasonable suspicion that a burglary was in progress. Next, he stated that he approached the door, reached for the door knob, and then opened the door to the business. Roig testified that, after he opened the door, Fernandez came over to him and said that he was the owner of the business. Roig also testified that he shined his light inside and saw people upstairs. Next, Roig testified that Rodriguez pointed out a small coffee table at the entrance which contained the suspect substance. Roig stated that he subsequently ordered all of the individuals who were upstairs to exit the business and that Officer Rodriguez took Fernandez into custody. Roig performed a protective sweep, which included the upstairs area, the purpose of which was to ensure that no armed persons remained inside the building. During the sweep, Roig observed a white powdery substance, suspected to be cocaine, in the room where he had seen the people.
Officer Rodriguez testified that as the officers started to walk away from the vehicle the female occupant started to exit the vehicle. According to Officer Rodri *377 guez, he turned around and instructed the occupant to remain in the vehicle. Officer Rodriguez further testified that, when he turned back around toward the business, the door to the business was already open.[1]
After Fernandez was taken into custody, the officers waited for their supervisor and the narcotics bureau to come to the warehouse. The narcotics detective arrived approximately 45 minutes to one hour later. During this time, Fernandez and the other individuals remained handcuffed. When the narcotics detective arrived, the detective and Officer Roig took Fernandez aside and spoke to him in Spanish regarding a signing of a consent form to search the business. The narcotics detective explained the entire consent to search form to Fernandez and advised Fernandez about his rights with regard to the search. Fernandez read the form and signed the bottom of the form. A search was then commenced which yielded cocaine, drug paraphernalia, scales, and tablets of Medman and Ecstasy.
Fernandez was charged by information with possession of a controlled substance, attempted cocaine trafficking, cocaine possession, and possession of drug paraphernalia. Fernandez filed a Motion to Suppress, seeking to suppress all physical and testimonial evidence as the direct result of an illegal search and seizure and its illegal fruits. The trial court found the initial entry into the business to be illegal based upon what it believed to be the conflicting testimony of Officers Roig and Rodriguez. The trial court’s findings were as follows:
“This Court finds that the testimony of the police officers concerning the initial entry and the subsequent protective sweep is so diametrically opposed that the State is not able to meet its burden concerning this warrant less entry into the business and subsequent arrest of Zeuxis Fernandez. Because of this, the subsequent protective sweep was improper and the seizure of the initial cocaine found at the front door is subject to a suppression.”
Furthermore, the trial court suppressed the evidence that was subsequently seized by the police as a result of the search done pursuant to the consent to search form because, the court held, the State failed to show, by clear and convincing evidence, “that there is an unequivocal break in the chain of illegal police conduct.” Contrary to Fernandez’ position in the instant case, the trial court’s findings of fact were clearly erroneous.
It is clear that the testimony of either officer would support the legality of the initial entry into the business. The trial court, however, was troubled by what it believed to be two “contradictory” versions. The problem with the trial judge’s reasoning is that (1) there was no testimony offered by any witness to support a scenario that would have rendered the search illegal as viewed by the Fourth Amendment, and (2) the two so-called opposing versions offered by the police officers are not, in reality, contradictory at all. Officer Roig stated that he approached the door of the warehouse, noticed pry marks on the door, opened the door, shined his flashlight inside the business, and saw the defendant coming downstairs. Officer Rodriguez testified that, while Officer Roig was doing the foregoing, he turned around and instructed the occupant of the vehicle to remain in the vehicle. Officer Rodriguez further testified that, when he turned back around, the door to the business was *378 already open and he saw the light on inside.
Apparently, the trial court ascertained that there were inconsistencies between the two officers’ testimony to the extent that (1) Roig testified that he saw pry marks while Rodriguez did not testify that he saw pry marks, and (2) Roig testified that he opened the door to the business after seeing the pry marks and hearing sounds inside, while Rodriguez testified that it was his belief that Fernandez had opened the door for Roig. Since both officers testified from different points of view physically and testified about facts observed at different points in time, the two versions are neither conflicting nor contradictory. Rather, either officer’s description of what transpired supports the legality of the initial entry. Furthermore, the testimony of the officers, as contained in the record, clearly supports the subsequent “protective sweep.”
Also, based on the foregoing, the record clearly mandates that the signing of the consent to search form was legal and proper. The question of whether a consent is voluntary is a question of fact to be determined from the totality of the circumstances. See Reynolds v. State, 592 So.2d 1082, 1086 (Fla.1992) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). When the validity of a search rests on consent, the State has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given. See Reynolds, 592 So.2d at 1086. In a situation where there is neither an illegal detention nor other illegal conduct by the police, as we have concluded in the instant case, the State must establish the voluntariness of the consent by a preponderance of the evidence. See id. Here, the record reflects the State met its burden.
Accordingly, we reverse the trial court’s Order which suppressed all evidence seized as a result of the police action against Fernandez.
Reversed.
COPE and LEVY, JJ., concur.

. On cross-examination regarding the existence of pry marks on the door, Officer Rodriguez testified that he did not see pry marks because the door to the business was already open.